UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Keith Tooley

              PLAINTIFFS

      - Against -

The City of New York, Police Officer Anish Bhardwaj, Shield No. 13732, JOHN and JANE DOE, 1 through 10, individually and in their official capacities, the true names of JOHN and JANE DOE, 1 through 10 presently unknown.

              DEFENDANTS
---------------------------------------------------------------X

**AMENDED COMPLAINT**

CV-15-5820

JURY TRIAL DEMANDED

    Plaintiff Keith Tooley by his attorney, RAOUL ZALTZBERG, ESQ., of Zaltzberg & Hutchinson, LLC., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a resident of the State of New York.
7. Defendant City of New York is a municipal corporation organized under the law of the State of New York. It operates the New York City Police Department, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.
8. Defendant Police Officer Anish Bhardwaj, ("Bhardwaj") Shield No. 13732, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bhardwaj is sued in his individual and official capacity.
9. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## STATEMENT OF FACTS

10. On February 10, 2015, at approximately 6:43 p.m., plaintiff was standing between the front of his doorway (Apartment 6C) and the staircase leading to the roof of 110 Monument Walk, which is a New York City Housing Authority Building located in Brooklyn.
11. Plaintiff was wearing Flip-Flops and Pajamas.
12. Defendants, including Bhardwaj, came in from the roof.
13. Defendants, possibly Bhardwaj, threw plaintiff against the wall and demanded he show them some identification.
14. Plaintiff gave defendants a valid New York State Identification Card stating that he lived at 110 Monument Walk, Apartment 6C.
15. Plaintiff then objected to the unwarranted intrusion.
16. Defendants, possibly Bhardwaj, tell him to "shut the fuck up," then told him to wait.
17. Defendants then ran his name in the system and a warrant came up.
18. Defendants then arrested plaintiff and charged him with Criminal Trespass in the Second and Third Degree as well as with a Trespass violation.

19. Plaintiff was then taken to the 88th Precinct. While at the 88th Precinct he was questioned extensively about "guns" and "drugs." He was given no food or water throughout the questioning.
20. He was then transported to Brooklyn Central Booking to await arraignment.
21. While plaintiff was in Central Booking, Bhardwaj and his fellow officer, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Trespass despite having a valid identification saying he lived at the address he was allegedly trespassing in.
22. Plaintiff was arraigned in Criminal Court, Kings County and given a court date to return to court on. Plaintiff spent over 24 hours in police custody.
23. On May 20, 2015, after numerous court appearances, all criminal charges filed against plaintiff were dismissed.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats and realleges each and every allegation set forth herein.
25. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.
26. All of the aforementioned acts deprived plaintiff of the rights privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and are in violation of 42 U.S.C. § 1983.
27. The aforementioned individual defendants in their capacities as police officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.
28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.
29. Defendants, Collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL STOP AND SEARCH UNDER 42 U.S.C. § 1983

30. Plaintiff repeats and realleges each and every allegation set forth herein.
31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.
32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM FOR RELIEF
## FABRICATION OF EVIDENCE UNDER 42 U.S.C. §1983

33. Plaintiff repeats and realleges each and every allegation set forth herein.
34. The individual defendants created false evidence against the plaintiff and forwarded such false evidence to the Brooklyn County District Attorney's Office.
35. In creating such false evidence, the defendants violated each of the plaintiff's constitutional rights to due process.
36. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution.
37. As a direct and proximate result of this unlawful conduct, the plaintiff sustained the damages alleged herein.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.
39. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.
40. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for

the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

41. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS

42. Plaintiff repeats and realleges each and every allegation set forth herein.
43. The individual defendants issued legal process to place the plaintiff under arrest.
44. The individual defendants arrested the plaintiff in order to obtain collateral objectives outside the legitimate end of legal process.
45. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.
46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   I. Compensatory damages against all defendants, jointly and severally;
   II. Punitive damages against the individual defendants, jointly and severally;
   III. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
   IV. Such other and further relief as this Court deems just and proper.

DATED:   February 19, 2016
         New York, New York

_____/s/_____
Raoul Zaltzberg, Esq.
Zaltzberg & Hutchinson, LLC
305 Broadway
Suite 900
New York, NY 10007
(212) 323-7418